UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 16-23901-CIV-MARTINEZ-GOODMAN

KRISTIAN ZAMBER,
on behalf of himself and all others
similarly situated,

    Plaintiffs,

v.    **CLASS ACTION**

AMERICAN AIRLINES, INC.,
a Delaware Corporation,

    Defendant.
_____/

## JOINT PLANNING AND SCHEDULING REPORT

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 16.1(b) and the Court's order [D.E. 6], the undersigned counsel for Plaintiff and Defendant hereby file this Joint Planning and Scheduling Report as follows:

1. **Whether the trial will be jury or non-jury**

   The parties agree that this is a jury trial.

2. **Outline of the Legal Claims and Defenses**

   Plaintiff has asserted claims for violation of FDUTPA and for unjust enrichment.

   To prove his claim that Defendant violated the Florida Deceptive and Unfair Trade Practices Act, Plaintiff must show by a preponderance of the evidence that:

   (1)    Defendant committed a deceptive act or adopted an unfair practice; and

   (2)    Plaintiff sustained actual damages as a result of Defendant's deceptive act or unfair practice.

1

To prove his unjust enrichment claim, Plaintiff must show by a preponderance of the evidence that

(1) Plaintiff conferred a benefit on Defendant;

(2) Defendant was aware of the benefit; and

(3) Defendant retained the benefit under circumstances making it inequitable to do so without paying value for that benefit.

American has filed a motion to dismiss, asserting that Plaintiff lacks standing, his claims are preempted by the Airline Deregulation Act, and has failed to state a claim. American has not yet filed a responsive pleading.

**3. A good faith estimate of the specific dollar valuation of actual damages and other relief at issue.**

While the parties will not know the exact valuation of actual damages, if any, until the completion of the discovery process, Plaintiff contends that the actual damages for himself and class members are the portion of each travel insurance premium retained by the Defendant. Defendant contends that no actual damages were incurred by Plaintiff or any member of the putative class.

**4. Potential need for variance from the discovery limitations set forth in the Local and Federal Rules.**

The parties do not anticipate a need for variance from the standard discovery rules.

**5. The likelihood of settlement.**

At this juncture the parties view a settlement of the matter as unlikely.

**6. The likelihood of appearance of additional parties.**

Plaintiff believes it may join additional named plaintiffs to this proceeding, but will accomplish any such joinder prior to the deadline for joinder of additional parties.

**7. Proposed deadlines for joinder of other parties and to amend the pleadings, to file and hear motions and to complete discovery.**

The parties propose the following deadlines:

| | |
|---|---|
| December 14, 2016 | Joinder of parties and amendment of pleadings |
| March 10, 2017 | Motion for Class Certification must be filed |
| September 15, 2017 | Close of discovery |
| October 13, 2017 | Dispositive and other pretrial motions, other than motions in *limine,* must be filed |
| November 17, 2017 | Motions in *limine* must be filed |
| January 12, 2018 | Joint Pretrial Stipulation, Jury Instructions |

**8. Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment.**

American believes that there are two threshold legal issues in this case—standing and preemption under the Airline Deregulation Act—that will completely dispose of this case and therefore should be addressed by the Court as soon as practicable.

The Parties will work diligently to streamline the case and eliminate any unnecessary issues. The Parties agree that each side may file one motion for summary judgment in the timeframe noted herein or set by the Court.

3

9. **The necessity or desirability of amendments to the pleadings;**

Plaintiff may amend his pleading as authorized by the applicable Rules, but will undertake any amendment prior to the deadline set by the Court. Plaintiff will seek leave from the Court for any proposed amendments subsequent to the Court's deadline for amending pleadings.

10. **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence.**

The Parties will work diligently to formulate a discovery plan that minimizes the need for Court involvement, and the Parties will work during the discovery process on agreements related to authenticity of documents and related evidentiary issues.

11. **Suggestions for the avoidance of unnecessary proof and of cumulative evidence.**

The Parties will work diligently to avoid cumulative evidence and streamlines the relevant issues in dispute prior to trial.

12. **Any potential need for references to a special master or magistrate.**

The Parties agree to have the Magistrate Judge rule on all discovery disputes, motions for attorney's fees and motions for costs.

13. **Preliminary estimate of time required for trial.**

Plaintiff estimates the trial in this matter will take 3-5 days. Defendant estimates the trial in this matter will take approximately 8 to 10 days.

**14. Proposed approximate dates for final pre-trial conferences and trial.**

The Parties propose the following dates:

| | |
|---|---|
| January 24, 2018 | Pretrial Conference |
| January 31, 2018 | Calendar Call |
| February 12, 2018 | Jury Trial |

**15. Such other matters as are required by Local Rule 16.1(B) and as may aid the Court in setting the case for status or pretrial conference and in the fair and expeditious administration and disposition in this action.**

The parties agree that this case should be assigned to the standard case management track as set forth in Local Rule 16.1.

The parties' discovery plan, pursuant to Federal Rule of Civil Procedure 26(f)(3) is set forth below:

**A.   Changes in the timing, form, or requirement for initial disclosures.**

Plaintiff has provided his initial disclosures pursuant to Rule 26(a). The parties agree that American may provide its initial disclosures on or before November 23, 2106.

**B.   The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be limited or phased.**

Discovery will be needed regarding each element of Plaintiff's claims and American's defenses. The parties agree that all discovery, including expert discovery, if any, should be completed on or before September 15, 2017. The parties also agree that discovery should be conducted in informal phases. Although Plaintiff may seek discovery pertaining to the merits of his claim during the entire discovery period, Plaintiff will identify information sought in order to allow Plaintiff to file his motion for class certification. First priority will be given to discovery matters regarding class certification. American may produce documents on a rolling basis.

The Plaintiff will serve any expert disclosures on or before June 28, 2017. American will serve any rebuttal expert witnesses disclosures on or before July 14, 2017. The parties agree that fact discovery should be substantially completed before expert disclosures are exchanged. Expert discovery, if any, will be completed on or before September 15, 2017.

If the Court certifies a class, additional discovery may be needed to identify names and contact information of potential class members.

**C.      Issues regarding disclosure, discovery, or preservation of ESI.**

The parties will work diligently to resolve any issues regarding the discovery, disclosure, or preservation of electronically stored information without the need for intervention by the Court. Among other things, the parties anticipate meeting and conferring to come to a mutually acceptable list of American custodians and search terms to be applied to these custodians' documents. The parties also anticipate that they will enter an agreement regarding the form of production of ESI, which they may request the Court enter as an order.

**D.      Issues regarding claims of privilege or work-product protection**

The parties will work diligently to resolve issues regarding claims of privilege or work-product protection without the need for intervention by the Court. The parties anticipate meeting and conferring to come to a mutually agreed upon procedure for asserting claims of privilege, work-product protection, or confidentiality after production. The parties will request the Court enter an order pursuant to Federal Rule of Evidence 502.

**E.      Changes in the limitations on discovery under the applicable rules.**

*See* Section 4, above.

**F.     Any other orders the Court should issue under Rules 26(c) or 16(b) or (c).**

The parties anticipate requesting the Court enter a protective order governing the treatment of confidential materials or information that may be exchanged during and after discovery in this matter.

Dated: November 21, 2016                              Respectfully submitted,

*/s/ Alec H. Schultz*
Scott B. Cosgrove, Esq.
 Fla. Bar No. 161365
Alec H. Schultz, Esq.
 Fla. Bar No. 35022
Jeremy Kahn, Esq.
 Fla. Bar No. 105277
LEÓN COSGROVE LLC
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33134
Tel:    305.740.1975
Email: scosgrove@leoncosgrove.com
Email: aschultz@leoncosgrove.com
Email: jkahn@leoncosgrove.com

*Counsel for Zamber and the Class*

and

**SHOOK, HARDY & BACON L.L.P.**
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305.358.5171
Facsimile: 305.358.7470

By: /s/ Humberto H. Ocariz
Humberto H. Ocariz
hocariz@shb.com
Florida Bar No.: 740860
Michael A. Holt
mholt@shb.com
Florida Bar No.: 91156

*Attorneys for American Airlines, Inc.*