UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-23901-MARTINEZ/GOODMAN

KRISTIAN ZAMBER,

    Plaintiff,

v.

AMERICAN AIRLINES, INC.,

    Defendant.
_____/

## POST-DISCOVERY HEARING ADMINISTRATIVE ORDER

Plaintiff filed a Notice of Hearing concerning a discovery issue. [ECF No. 23]. The Undersigned held a hearing on January 27, 2017 to address that issue. The Undersigned **ordered** as follows:

The Undersigned is **not** staying discovery in the case. Defendant filed a motion to stay two months after it filed its motion to dismiss. Both of those motions are pending before United States District Judge Jose E. Martinez, so I do not have authority to enter a discovery stay. Indeed, the motion for stay is not even fully briefed and is therefore not even ripe for a ruling.

Moreover, Defendant obtained enlargements of time, as professional courtesies, to respond to discovery but then later advised Plaintiff that it would be filing a motion for a discovery stay and would not in fact be providing discovery voluntarily.

1

Defendant explained that its reason for this switch in position is that it did not realize, until it started investigating the scope of the work necessary to comply with discovery, the burdensomeness of the discovery. Defendant submitted an affidavit concerning burdensomeness and explained that it would need to incur at least $1 million in order to comply with the requests.  Defendant identified the national scope of the discovery as the primary factor contributing to the burdensomeness and further argued that its motion to dismiss pinpointed two purported fatal flaws with the Complaint, either one of which would be sufficient to justify dismissal.

I am sensitive to the concerns of both parties, and this Order is an attempt to address all of them without unduly prejudicing either side.

Defendant shall produce written responses to Plaintiff's discovery requests, including the requests for production and interrogatories. Defendant shall then start producing, on a rolling basis, the documents that are responsive to those discovery requests, beginning with easily-retrievable documents, such as contracts, addenda to contracts, basis communications about those contracts, etc.

Additionally, the discovery produced shall be, at least initially, limited to the potential Florida class and *not* the potential national class. This ruling is *not* a finding that Plaintiff is not entitled to a national class certification. It is merely an attempt to limit Defendant's burden at this particular stage (while a potentially case-dispositive motion and a stay motion are pending).

In addition, if Plaintiff has not identified which requests for production relate to class certification issues, then she shall identify those specific requests to Defendant.

The Undersigned notes that these discovery rulings do *not unduly* prejudice Defendant's pending motion to stay [ECF No. 22], and Defendant will not have waived its position that a discovery stay is warranted by complying with this Order requiring initial discovery responses. Further, Defendant will not be prejudiced by a future need to amend its responses. Defendant may include an explanatory paragraph in its discovery responses explaining that the Court directed it to produce documents and answer interrogatories before it completed its search for documents and information -- and that the Court is permitting it to supplement and amend the interrogatory answers and document responses if it encounters additional information which makes the initial answers and document request responses incomplete or inaccurate.

If Judge Martinez has not ruled upon the motion to stay by the time Defendant needs to start locating national discovery or the more-difficult-to-locate documents, then it may, after first consulting with Plaintiff's counsel, revisit the issue with me again in a discovery calendar hearing.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on January 30, 2017.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
All counsel of record