**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 16-CIV-23901-MARTINEZ/GOODMAN**

KRISTIAN ZAMBER,

     Plaintiff,

v.

AMERICAN AIRLINES, INC.,

     Defendant.

_____/

**ORDER GOVERNING THE USE AND**
**DISCLOSURE OF CONFIDENTIAL INFORMATION**

The parties filed a Joint Motion for Entry of Protective Order. [ECF No. 35]. The Undersigned reviewed the proposed protective order.[1] The Undersigned **orders** as follows:

**DEFINITIONS GENERALLY**

1.    As used in this Order, the term "Action" shall mean the above-captioned litigation between Kristian Zamber ("Plaintiff" or "Mr. Zamber") and American Airlines, Inc. ("American").

---

[1]    The Undersigned modified the proposed protective order, particularly to sections 12, 17, 22(a), 22(b), 22(c) 28 and 38.

2.      As used in this Order, the terms "Party" and "Parties" shall mean any and all named parties (i.e., Mr. Zamber and American), including any Party's current employees.

3.      As used in this Order, the term "Non-Party" shall mean any individual, corporation, association, or other natural person or entity that is not a named Party to the Action. This Order shall govern all Documents, materials, and information disclosed during the course of this Action in any form (including, but not limited to, Documents, materials, and information produced by a Party or Non-Party, disclosed through testimony, or contained in pleadings, motions, briefs, or other materials filed with the Court) for purposes of discovery or otherwise.

4.      As used in this Order, the term "Document" is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure, and shall include all written, oral, recorded, or graphic material, however produced or reproduced including, but not limited to: all written or printed matter of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise; electronically stored information, software, and other computer data including, but not limited to, information stored in a computer at any time; all graphic or manual records or representations of any kind including, but not limited to, photographs, microfiche, microfilm, videotape, records, and motion pictures;

2

electronic, mechanical, or electric records or representations of any kind including, but not limited to, cassettes, discs, magnetic cards and recordings, optical and other media; and all drafts, alterations, modifications, changes, and amendments to any of the foregoing.

5.     As used in this Order, the term "privilege" shall mean the attorney-client privilege, the work-product doctrine, the common-interest or joint-defense doctrine, and/or any other privilege, protection, or immunity recognized by applicable law.

6.     As used in this Order, the term "Confidential Material" means any Document, material or information supplied in any form, or any portion thereof, which is or contains confidential or proprietary business, commercial, research, personnel, process, product, or financial information of the producing Party or Non-Party that does not fall within the Highly Confidential Material designation (described below). A designation by a Party or Non-Party of Confidential Material shall constitute a representation to the Court that such Party or Non-Party believes in good faith that the information constitutes Confidential Material. The Parties and Non-Parties shall make a good faith effort to designate information only as needed. A Party or Non-Party designating information as Confidential Material shall mark each page of the Document containing such material as "Confidential."

7.     As used in this Order, the term "Highly Confidential Material" means any Document, material, or information supplied in any form, or any portion thereof, which

3

a Party or Non-Party reasonably believes to be so highly sensitive that: (i) it is the subject of reasonable efforts to maintain its secrecy and (ii) it is sufficiently valuable and secret to afford a potential or actual advantage over others. By way of example, and not limitation, Highly Confidential Material includes: trade secrets; confidential research and analysis; board materials and presentations; interactions with government regulatory bodies; negotiation strategies; commercial agreements between American and other entities; technical, sales, or other commercially sensitive information (including without limitation information or data relating to strategic plans, data received from a Non-Party pursuant to a non-disclosure agreement, commercial agreements, settlement negotiations, and settlement agreements); customer lists and information; proprietary software or systems; proprietary edits or customizations to software; proprietary process and product information; personnel files; and margin, cost, and pricing information. The Parties and Non-Parties shall make a good faith effort to designate information only as needed. A Party or Non-Party designating information as Highly Confidential Material shall mark each page of the Document containing such material as "Highly Confidential."

8.      Confidential Material and Highly Confidential Material may be collectively referred to as "Protected Material."

## GENERAL PROVISIONS

9.      **Production for Inspection Purposes Only.** Notwithstanding the provisions of Paragraphs 6, 7, and 8, in the event that a Party or Non-Party provides Documents, materials, or information for inspection only, no marking need be made by the producing Party or Non-Party in advance of the initial inspection, and the following procedures shall apply:

(a)      The producing Party or Non-Party shall not be considered to have waived the status as Protected Material of Documents, materials, or information made available during such an initial inspection but not chosen by the inspecting Party for copying; and

(b)      Thereafter, upon selection of specified Documents, materials, or information for copying by the inspecting Party, the producing Party or Non-Party shall, within twenty-one (21) days (or such longer period as may be agreed upon by the Parties), and prior to providing copies of the selected Documents, materials, or information to the requesting Party, mark each page as may contain Protected Material in accordance with this Order.

10.      **Depositions.** From the date of a deposition until twenty-one (21) days after receipt of a final deposition transcript, such transcript shall be deemed Highly Confidential Material in accordance with this Order. The designation by a Party or Non-Party of a transcript, exhibit, or video recording (or any portion thereof) as Confidential

Material or Highly Confidential Material shall be made in writing and served upon all counsel of record and the relevant court reporter. Designations of a transcript are to be conducted on a page-by-page or line-by-line basis. Any designation of a transcript (or portion thereof) shall be treated as a designation of the corresponding video, or portion thereof, and vice-versa.

11.     **Using Protected Material at Depositions.** Subject to the terms of this Order and the Federal Rules of Civil Procedure, any Party may use Confidential Material or Highly Confidential Material in an examination of a witness at a deposition, provided that:

(a)     the witness is an author, addressee, recipient, or source of the Protected Material;

(b)     the witness is a current or former employee of the producing Party or Non-Party and has or had lawful access to the specific Document containing the Protected Material to be disclosed;

(c)     the witness is likely to have had knowledge of the Protected Material to be disclosed;

(d)     the witness is one of the persons identified in Paragraph 13 (for Confidential Material) or Paragraph 14 (for Highly Confidential Material) as the case may be; or

(e)      the Party wishing to use Protected Material in an examination of a witness obtains consent, which shall not be unreasonably withheld, from the producing Party or Non-Party prior to using such Protected Material.

12.      **Objections to Designation or Treatment.** A Party may at any time, in good faith, object to the designation of any Document or specific information as Protected Material by stating its objection in writing, which specifies the Document or information challenged (or, where appropriate, by reasonably defined categories of Documents or information challenged) and includes a statement of the legal or factual basis for each objection, to the Party or Non-Party making the designation, and it shall make a good faith effort to resolve the dispute with counsel for the Party or Non-Party so designating the Document or information. If the Parties cannot reach agreement as to the designation, then the receiving Party or objector shall present the dispute to the Court in the manner set out by the Undersigned's discovery procedures order. [ECF No. 17].

## DISCLOSURE OF PROTECTED MATERIAL

13.      **Confidential Material.** Subject to all other terms of this Order, Confidential Material may be disclosed only to:

(a)      the Parties;

(b)      if the Confidential Material was produced by a Non-Party, then the Non-Party that produced the Confidential Material;

(c)     the Parties' attorneys involved in this Action (and the partners, associates, paralegals, and clerical and support personnel, including outside vendors, working under the direct supervision of such counsel and that are directly involved in or assisting in this Action);

(d)     each Party's respective in-house attorneys who are practicing law on behalf of the Party as part of their job responsibilities;

(e)     the Court and all persons assisting the Court in the Action, including special masters, mediators, court reporters taking testimony involving such information, and necessary stenographic and clerical personnel, in accordance with the procedures set forth below;

(f)     persons retained as consultants or experts by any Party for the purposes of this Action and principals and employees of the firms with which consultants or experts are associated and who are directly involved and assisting in this Action (but excluding any consultants or experts known to be regularly employed or engaged by a current or prospective competitor of the Party or Non-Party that designated the material as Confidential Material);

(g)     persons other than consultants or experts who are retained to provide purely administrative assistance to counsel for any Party for the purpose of the Action, including litigation support services and outside copying services;

(h)     persons whom the Confidential Material itself indicates, or the receiving Party otherwise has reason to believe, were the author, addressee, source, or recipient of the Document;

(i)     any person noticed or called to testify as a witness at a deposition, hearing, mediation, trial, or other proceeding in the Action, and for the purpose of assisting in the preparation or examination of the witness, provided that the requirements of Paragraph 11 have been satisfied;

(j)     any other person designated by written stipulation of the Parties or by further order of the Court; and

(k)     any person to whom the producing Party or Non-Party agrees in writing disclosure may be made.

14.     **Highly Confidential Material.** Subject to all other terms of this Order, Highly Confidential Material may be disclosed only to:

(a)     the Parties' attorneys involved in this Action (and the partners, associates, paralegals, and clerical and support personnel, including outside vendors, working under the direct supervision of such counsel and that are directly involved in or assisting in this Action);

(b)     the Court and all persons assisting the Court in the Action, including special masters, mediators, court reporters taking testimony involving such

information, and necessary stenographic and clerical personnel thereof, in accordance with the procedures set forth below;

(c)     persons retained as consultants or experts by any Party for the purposes of this Action and principals and employees of the firms with which consultants or experts are associated and who are directly involved and assisting in this Action (but excluding any consultants or experts known to be, or to have been, employed or engaged by a current or prospective competitor of the Party or Non-Party that designated the material as Confidential Material);

(d)     persons other than consultants or experts who are retained to provide purely administrative assistance to counsel for any Party for the purpose of the Action, including litigation support services and outside copying services;

(e)     persons whom the Confidential Material itself indicates, or the receiving Party otherwise has reason to believe, were the author, addressee, source, or recipient of the Document;

(f)     any person noticed or called to testify as a witness at a deposition, hearing, mediation, trial, or other proceeding in the Action, and for the purpose of assisting in the preparation or examination of the witness, provided that the requirements of Paragraphs 11(a), 11(d), or 11(e) have been satisfied;

(g)     each Party's respective in-house attorneys who are practicing law on behalf of the Party as part of their job responsibilities;

(h)     any other person designated by written stipulation of the Parties or by further order of the Court; and

(i)     any person to whom the producing Party or Non-Party agrees in writing disclosure may be made.

15.     **Security of Protected Material**

(a)     Security Requirements.  Plaintiff and his attorneys in this case ("Receiving Party") agree to apply commercially reasonable safeguards for Protected Material that is in Receiving Party's possession or under Receiving Party's control in order to protect the same from unauthorized access that would violate the Order or any data laws.  These safeguards include:

      i.     All Protected Material will be exclusively stored with a third-party service provider ("Provider") who shall at all times be (i) in compliance with all data laws, and (ii) consistent in all material respects with the guidelines, principles or frameworks embodied in (A) ISO 27001 and ISO 27002, and (B) industry standard practices;

      ii.     Receiving Party's electronic access to and review of Confidential Material stored with the Provider shall be solely through an encrypted communication;

      iii.     When not in use, Receiving Party shall at all times maintain any paper copies of the Protected Material in a physically secure location, including safes, locked cabinets or locked drawers;

      iv.     The Confidential Material shall not be kept on or copied to thumb drives or other portable storage devices except in an encrypted form;

      v.     The Confidential Material shall not be reviewed or placed in view of the public;

      vi.     Receiving Party will advise American Airlines of any security breach within twenty-four (24) hours of its discovery; and

        vii.      Plaintiff's counsel shall advise its employees, agents or contractors with access to Protected Material of the foregoing security requirements and to adhere to same.

As used in this section, "data laws" means as in effect from time to time, any law, rule, regulation, declaration, decree, directive, statute or other enactment, order, mandate or resolution, which is applicable to either Plaintiff (or his lawyers) or American, issued or enacted by any domestic or foreign, supra-national, national, state, county, municipal, local, territorial or other government or bureau, court, commission, board, authority, or agency, anywhere in the world, relating to data security, data protection and/or privacy.

        (b)    <u>Data Processing Requirements</u>. Receiving Party agrees and acknowledges that Protected Material may be disclosed by Receiving Party to the Provider only after the Provider has executed a nondisclosure agreement pursuant to this Order. Prior to the Provider disclosing or allowing access to the Protected Material to another third-party (e.g., also a "Provider"), such additional third-party shall be required to execute a nondisclosure agreement in accordance with this Order. As between Receiving Party and the Producing Party, Receiving Party shall have sole responsibility for the acts and omissions of any such Provider to the extent such acts or omissions are not consistent with Receiving Party's obligations with respect to the use of the Protected Material as provided in this Order.

16.     **Acknowledgment and Acceptance of Terms of this Order.** Before any Confidential Material is disclosed to the persons identified above in Paragraphs 13(f)–13(k) or Paragraphs 14(c)–14(i), such persons shall be provided with a copy of this Order and shall execute the Acknowledgment of Protective Order attached as Exhibit A. Counsel for the Party seeking to disclose information pursuant to this Order shall retain the original copies of executed Acknowledgment forms and need not disclose who has executed them during the course of this Action, unless a dispute arises as to the dissemination of Protected Material to persons other than those identified as authorized under this Order.

17.     **Procedure before Disclosure of Highly Confidential Material to Parties.** A receiving Party's counsel may believe that it must show certain limited pieces of information marked "Highly Confidential" by a producing Party to its clients to adequately prepare its case for trial. If a receiving Party believes that information falls within this category, then it shall identify the information to the producing Party with specificity and disclose the individuals to whom it wishes to disclose the information. The producing Party will provide a good faith response concerning its willingness (or lack of willingness) to permit the information to be shown to the disclosed individuals within ten (10) business days. If the producing Party is unwilling to permit the receiving Party to show the information to the receiving Party's clients, then the receiving Party may raise the matter with the Court in the manner set out by the Undersigned's

discovery procedures order. [ECF No. 17]. Notwithstanding any other provision of this Order, nothing in this Order shall limit the ability of any Party or Non-Party to disclose to any person Protected Material produced or designated by such Party or Non-Party, or that is a business record of such Party or Non-Party.

18.     **Protected Material to be Used Only for this Action.** Unless otherwise agreed to in writing by the Parties, Documents produced in this Action, including Protected Material, may be used only in this Action, and may not be used in any other action, proceeding, arbitration or for any purpose unconnected to this Action.

19.     **Redaction.** If Protected Material contains information of a particularly sensitive, personal nature relating to a Party's customers or employees, then the producing Party may make limited redactions of that material. Information appropriate for redaction includes, without limitation: social security numbers, home or mobile phone numbers, secure traveler ID numbers, frequent flier numbers (except AAdvantage numbers), credit card numbers, and driver's license, passport, or similar identification numbers, or any other information required to be protected under applicable law.

20.     **Maintaining Confidentiality.**

(a)     All persons authorized by this Order to receive Protected Material shall maintain such information as confidential consistent with the terms of this Order and shall agree to be bound by its terms. Accordingly, no person, firm, corporation, or

other entity shall use, disclose, make available, or otherwise communicate Protected

Material in any manner whatsoever except for purposes of the Action, and then only in

a manner consistent with this Order. A Party's or Non-Party's use for any purpose of its

own Documents and information which it produces or discloses in the Action shall not

be considered a violation of this Order. All Highly Confidential Material (including any

summaries, abstracts, or other related information that includes, discusses, summarizes,

or refers to any Highly Confidential Material (or information taken therefrom)) shall be

kept in a secure location that is under the control of a person authorized by this Order

to receive such information. No Party receiving Highly Confidential Material shall

permit such material to be transmitted, accessed, disseminated, or transported outside

of the borders of the United States of America.

(b)     Persons having knowledge of Protected Material by virtue of the

disclosure of such information in discovery in this Action shall use that Protected

Material only in connection with the prosecution or appeal of the Action, and shall

neither use such Protected Material for any other purpose nor disclose such Protected

Material to any person who is not identified in paragraphs 13 and 14 of this Order.

21.     **Rendering Legal Advice.** Nothing in this Order shall restrict any Party's

counsel from rendering advice to its clients with respect to this Action and, in the

course thereof, relying upon Confidential Material or Highly Confidential Material;

provided, however, that in rendering such advice, outside counsel shall not disclose any

other Party's or Non-Party's Confidential Material or Highly Confidential Material other than in a manner provided for in this Order.

### USE OF PROTECTED MATERIAL BY A PARTY IN THIS ACTION

22.    In the event a Party wishes to use Protected Material:

(a)    in any affidavits, briefs, memoranda of law, exhibits to motions, or other papers filed in Court in the Action, a Party shall redact such filings so as to remove any Protected Material. This Order does not, by itself, authorize the filing of any Document under seal. All documents containing Confidential Material shall be submitted to the Court in accordance with Local Rule 5.4. Submissions filed with the Clerk's office are presumptively open and accessible to the public. A party seeking to file material under seal shall have the burden of demonstrating why sealing is necessary -- especially if the material is filed in connection with a request for a substantive ruling, like a summary judgment motion.

(b)    in hearings, oral arguments, or other appearances in court in the Action, the parties shall confer and attempt to agree before any hearing on the procedures under which Protected Material may be introduced into evidence or otherwise used at such hearing. If there is agreement, then the parties shall give the Court notice at least three days before the hearing so that the Undersigned can decide whether to adopt, modify or reject the proposed agreement. If there is no agreement,

then the parties shall provide notice of this by the same deadline and submit competing suggested procedures for the same purpose.

(c)     This Order governs only pretrial proceedings. The protections applicable during pretrial discovery proceedings for Protected Material may apply during trial proceedings -- but only if there is a *separate* order of the Court.

## REQUEST FOR CURE OF UNAUTHORIZED DISCLOSURES

23.     Any Party or Non-Party (or counsel to any Party or Non-Party) that becomes aware of any unauthorized disclosure of Protected Material or any breach of this Order shall promptly give notice to the Party or Non-Party that produced or supplied the Protected Material of such circumstances, including a reasonable description of the circumstances that led to the unauthorized disclosure. Upon such notice, the Party or Non-Party that produced or supplied the Protected Material may seek such other relief as is appropriate. In any event, the Party or Non-Party that made the unauthorized disclosure shall immediately take all reasonable steps to cure the unauthorized disclosure (by, inter alia, retrieving such information) and shall make every effort to prevent further disclosure.

## SUBPOENAS COMMANDING PRODUCTION OF PROTECTED MATERIAL

24.     If any Party has obtained Protected Material under the terms of this Order and receives a subpoena, civil investigative demand, or other compulsory process commanding the production of such Protected Material, then such Party shall notify the

counsel of record for the producing Party or Non-Party, in writing (including, but not limited to e-mail) no later than seven (7) days following the discovery that the subpoena or process order calls for Protected Material. Within seven (7) days of receipt of notification, the producing Party or Non-Party shall inform the subpoenaed Party either that it does not object to production of the Protected Material or that it will seek court protection to prevent the production. If the producing Party or Non-Party fails to provide the subpoenaed Party with a response, then the subpoenaed Party may produce the Protected Material after fourteen (14) days following the subpoenaed Party's notification of the subpoena to the producing Party or Non-Party. In the event the producing Party or Non-Party informs the subpoenaed Party that it will seek court protection to prevent the production, the subpoenaed Party shall not produce any Protected Material without the prior written consent of the producing Party or Non-Party unless required by an order of a court of competent jurisdiction.

## PRODUCTION OF PROTECTED MATERIAL WITHOUT DESIGNATION

25.    The production of Protected Material without a designation as Confidential Material or Highly Confidential Material, as the case may be, shall not be deemed a waiver or impairment of any claim of privilege or protection of the confidential nature of any such material. Upon a Party or Non-Party's discovery that its information was not correctly designated, that Party or Non-Party shall provide notice to the other litigants that the information was inappropriately designated and shall re-

designate the information. Additionally, upon notice that any Confidential Material or Highly Confidential Material has not been appropriately so designated and should be re-designated as Confidential Material or Highly Confidential Material, the Party receiving such notice shall make a reasonable, good faith effort to ensure that any analyses, memoranda, or notes that were generated based upon such material before its re-designation shall immediately be treated in conformity with any such re-designation.

### INADVERTENT PRODUCTION OF PRIVILEGED, PROTECTED, OR OTHER MATERIAL IMMUNE FROM DISCOVERY

26.     Pursuant to Federal Rule of Evidence 502, the production or disclosure of a Document containing material subject to a claim of privilege (as defined in this Order) shall not constitute a waiver, in this or any other federal or state proceeding, of any privilege applicable to that Document or the material contained in that Document -- even if the producing Party or Non-Party made no effort to prevent the disclosure. A producing Party's or Non-Party's use of its own Document (e.g., as a deposition exhibit) containing material subject to a claim of privilege shall not constitute a waiver of any applicable privilege unless the Party affirmatively uses or relies upon the specific material contained in the Document that is subject to the claim of privilege.

27.     A producing Party or Non-Party may, at any time, demand that a receiving Party return or destroy a Document containing material subject to a good-faith claim of privilege. The demand shall be made in writing and shall identify the Document to be returned or destroyed by Bates range whenever possible. Within

twenty-one (21) days of receiving such a demand, a receiving Party shall certify in writing that: (1) it has returned, destroyed, or otherwise sequestered all copies or versions of the Documents requested to be returned or destroyed and that the receiving Party shall not attempt to examine, review, or use such Documents without further order of the Court permitting such activity; and (2) the receiving Party has deleted or sequestered from its work product or other materials any information or material derived from the Documents requested to be returned or destroyed. Within twenty-one (21) days of receipt of the receiving Party's certification, a producing Party or Non-Party shall provide a privilege log for any Documents demanded to be returned as well as redacted versions of any of those Documents that contain both privileged and non-privileged information and placeholder images for Documents containing exclusively privileged information.

28.    After receipt of the producing Party's or Non-Party's privilege log and a good faith effort to meet and confer, a receiving Party may present the dispute to the Court in the manner set out by the Undersigned's discovery procedures order to compel production of a Document demanded to be returned pursuant to Paragraph 27. Unless the requested relief is granted, a requesting Party may not use any information contained in the Document that has been clawed back for any purpose, unless that same information is available from a non-privileged source.

29.     If a receiving Party receives Documents that it has reason to believe are subject to a good faith claim of privilege, then the receiving Party must refrain from examining the Documents any more than is essential to ascertain if the materials are reasonably subject to a privilege claim. The receiving Party shall promptly notify the producing Party or Non-Party in writing that the receiving Party possesses material that appears to be privileged or otherwise protected from disclosure. The producing Party or Non-Party shall have twenty-one (21) days, or such other time as the Parties or Non-Parties may agree or the Court may order, to assert privilege over the material identified by the requesting Party. If, within the time allowed, the producing Party or Non-Party does not assert privilege, then the material in question shall be deemed non-privileged.

## MISCELLANEOUS PROVISIONS

30.     Nothing contained in this Order shall be construed as an admission that any Document or information, or any testimony relating to such Document or information, is or would be admissible in evidence in this Action or in any other proceeding.

31.     Nothing contained in this Order shall affect the rights of the Parties or Non-Parties to object to discovery, nor shall it relieve a Party or Non-Party of its obligation to properly respond or object to discovery requests, nor shall it preclude any

Party or Non-Party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

32.     The parties to the Action reserve all rights to apply to the Court for any order modifying this Order, seeking greater access to Protected Materials than those provided here.

33.     Nothing contained in this Order shall affect the ability of the Parties to alter the time periods set forth in this Order by agreement.

34.     Any person or entity requiring further confidentiality protection may petition the Court for a separate order governing disclosure of its information.

35.     When serving subpoenas on Non-Parties, a copy of this Order (including Exhibit A) shall be included with the subpoena, and the subpoena shall expressly incorporate by reference the terms of this Order.

36.     The provisions of this Order shall survive the conclusion of the Action.

## COMPLETION OF LITIGATION

37.     Within thirty (30) days after the resolution of the Action (including resolution of all appellate proceedings), all Documents and copies of all Documents (other than exhibits of record) produced or supplied by a Party or Non-Party which contain Protected Material shall be either destroyed or returned to the Party or Non-Party that produced or supplied the Protected Material. Upon request of the Party or Non-Party that produced or supplied the Protected Material, all counsel of record who

received such Documents shall certify compliance and shall deliver the same to counsel for the Party or Non-Party that produced or supplied the Protected Material not more than thirty (30) days after the final resolution of the Action (including resolution of all appellate proceedings).

38.     This Order may be signed in counterparts by persons acknowledging this Order and who agree to be bound by its terms.

**DONE** and **ORDERED** in Chambers, in Miami, Florida, on February 14, 2017.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>**Copies furnished to**</u>:
The Honorable Jose E. Martinez
All counsel of record

Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 16-CIV-23901-MARTINEZ/GOODMAN**

KRISTIAN ZAMBER,

     Plaintiff,

v.

AMERICAN AIRLINES, INC.,

     Defendant.

_____/

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

     I hereby certify that I have received a copy of the Order Governing the Use and Disclosure of Confidential Information, dated February 14, 2017 (the "Order"). I further certify that I have read or am otherwise familiar with and understand the contents of the Order.

     I understand and agree to comply with the standards, requirements, and procedures that are set forth in the Order. I understand that compliance with these standards, requirements, and procedures is a condition of receipt of Confidential Material or Highly Confidential Material (as defined in the Order), and that a failure to comply with the Order may constitute contempt of the Court and/or a violation of applicable law.

I agree to consent to the jurisdiction of this Court for the purpose of enforcing the

Order.

Signature: _____

Printed Name: _____

Date: _____

Address: _____

_____

Telephone: _____