UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:16-cv-23901-MARTINEZ/GOODMAN

KRISTIAN ZAMBER, on behalf of
himself and all others similarly situated,

    Plaintiff,

vs.

AMERICAN AIRLINES, INC.,

    Defendant.
_____/

## ANSWER

Defendant American Airlines, Inc. ("American") answers the Complaint by Plaintiff Kristian Zamber ("Plaintiff"). Except for those matters specifically admitted herein, American denies the allegations in the Complaint. American specifically denies that it engaged in any wrongful conduct. American further denies that Plaintiff suffered any harm or that Plaintiff is entitled to any of the relief sought in the Complaint.

## INTRODUCTION

1. American admits only that Plaintiff has brought this lawsuit on behalf of himself and putative class. American denies the remaining allegations in paragraph 1 of Plaintiff's Complaint. American specifically denies that it engages in any deceptive practices.

2. American denies the allegations in paragraph 2 of Plaintiff's Complaint.

3. American admits only that it does not hold itself out as a seller of trip insurance and that American does not hold licenses as an insurer or insurance agent in the State of Florida.

American further states that it is not required to hold such licenses. American denies the remaining allegations in paragraph 3 of Plaintiff's Complaint.

4–7.    American denies the allegations in paragraphs 4 through 7 of Plaintiff's Complaint.

8.    American admits only that trip insurance is offered by Allianz Global Assistance ("Allianz"). American denies the remaining allegations in paragraph 8 of Plaintiff's Complaint.

9.    American denies the allegations in paragraph 9 of Plaintiff's Complaint.

10.    Paragraph 10 states legal conclusions to which no response is required from American. To the extent these allegations may be deemed to require American's response, American disputes Plaintiff's characterizations, denies the legal conclusions, and denies the remaining allegations in paragraph 10 of Plaintiff's Complaint.

## PARTIES, JURISDICTION, AND VENUE

11.    American does not have sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 11 of the Complaint and therefore denies the allegations.

12.    Admitted.

13–15.    Paragraphs 13 through 15 state legal conclusions to which no response is required from American. To the extent the allegations of paragraphs 13 through 15 are deemed to require American's response, American denies those allegations, except that American admits that this Court has personal jurisdiction over the parties.

## FACTUAL ALLEGATIONS

16.    Denied as stated. American admits only that it operates hundreds of daily flights, including flights to and from airports in Florida. American also admits that customers may use American's website, www.aa.com to search for and purchase travel on flights operated by American Airlines.

17. Admitted.

18. Admitted.

19–21. American denies the allegations in paragraphs 19 through 21 of Plaintiff's Complaint.

22. Paragraph 22 states legal conclusions to which no response is required from American. To the extent the allegations of paragraph 22 may be deemed to require a response, American disputes Plaintiff's characterizations, denies the legal conclusions, and denies the remaining allegations in paragraph 22 of Plaintiff's Complaint.

23–29. American disputes Plaintiff's characterizations, denies the legal conclusions, and denies the remaining allegations in paragraphs 23 through 29 of Plaintiff's Complaint. American further states that the documents attached as exhibits to Plaintiff's Complaint speak for themselves. American disputes Plaintiff's characterizations of these documents.

30. Paragraph 30 states legal conclusions to which no response is required from American. To the extent the allegations of paragraph 30 may be deemed to require a response, American disputes Plaintiff's characterizations, denies the legal conclusions, and denies the remaining allegations in paragraph 30 of Plaintiff's Complaint.

31. American disputes Plaintiff's characterizations, denies the legal conclusions, and denies the reaming allegations in paragraph 31 of Plaintiff's Complaint.

32–34. American disputes Plaintiff's characterizations, denies the legal conclusions, and denies the remaining allegations in paragraphs 32 through 34 of Plaintiff's Complaint. American further states that the documents attached as exhibits to Plaintiff's Complaint speaks for themselves. American disputes Plaintiff's characterizations of these documents.

Shook, Hardy & Bacon L.L.P.
Miami Center, Suite 3200 | 201 S. Biscayne Blvd. | Miami, Florida 33131-4332 | t 305.358.5171
820054

35.     American does not have sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 35 of Plaintiff's Complaint and therefore denies the allegations.

36–39.  Paragraphs 36 through 39 state legal conclusions to which no response is required from American. To the extent the allegations of these paragraphs may be deemed to require a response, American disputes Plaintiff's characterizations, denies the legal conclusions, and denies the remaining allegations in paragraphs 36 through 39 of Plaintiff's Complaint.

40.     American does not have sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 40 of Plaintiff's Complaint and therefore denies the allegations.

41.     Paragraph 41 states legal conclusions to which no response is required from American. To the extent these allegations may be deemed to require a response, American disputes Plaintiff's characterizations, denies the legal conclusions, and denies the remaining allegations in paragraph 41 of Plaintiff's Complaint.

## CLASS ACTION ALLEGATIONS

42–43.  American admits only that Plaintiff seeks to bring this action on behalf of himself and members of a putative class. American denies the remaining allegations in paragraphs 42 and 43 of Plaintiff's Complaint. American specifically denies that any such class exists, may be certified, or could be defined pursuant to Plaintiff's proposed class definition. American further specifically denies that Plaintiff may bring this action on behalf of putative class.

44.     Paragraph 44 states legal conclusions to which no response is required from American. To the extent these allegations may be deemed to require a response, American does

not have sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 44 and therefore denies the allegations.

45–48. Paragraphs 45 through 48 of Plaintiff's Complaint state legal conclusions to which no response is required from American. To the extent these allegations may be deemed to require a response, American disputes Plaintiff's characterizations, denies the legal conclusions, and denies the remaining allegations in paragraphs 45 through 48 of Plaintiff's Complaint.

49. American denies the allegations in paragraph 49 of Plaintiff's Complaint.

50–52. Paragraphs 50 through 52 of Plaintiff's Complaint (including the subparts thereof) state legal conclusions to which no response is required from American. To the extent these allegations may be deemed to require a response, American disputes Plaintiff's characterizations, denies the legal conclusions, and denies the remaining allegations in paragraphs 50 through 52 of Plaintiff's Complaint (including all subparts thereof).

53–54. Paragraphs 53 through 54 of Plaintiff's Complaint state legal conclusions to which no response is required from American. To the extent these allegations may be deemed to require a response, American does not have sufficient knowledge or information to form a belief about the truth of the allegations in these paragraphs and therefore denies the allegations.

55–58. Paragraphs 55 through 58 of Plaintiff's Complaint state legal conclusions to which no response is required from American. To the extent these allegations may be deemed to require a response, American disputes Plaintiff's characterizations, denies the legal conclusions, and denies the remaining allegations in paragraphs 55 through 58 of Plaintiff's Complaint.

59–60. Paragraphs 59 through 60 of Plaintiff's Complaint state legal conclusions to which no response is required from American. To the extent these allegations may be deemed to require

a response, American does not have sufficient knowledge or information to form a belief about the truth of the allegations in these paragraphs and therefore denies the allegations.

## COUNT I
## VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

61. American incorporates by reference its response to paragraphs 1 through 60 above as if fully set forth herein.

62–69. Paragraphs 62 through 69 of Plaintiff's Complaint state legal conclusions to which no response is required from American. To the extent these allegations may be deemed to require a response, American admits only that Plaintiff purports to assert a Florida state-law claim based on the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). American disputes Plaintiff's characterizations, denies the legal conclusions, and denies the remaining allegations in paragraphs 62 through 69 of Plaintiff's Complaint. American specifically denies that American engaged in any deceptive acts or practices. American further specifically denies that it violated FDUTPA or that Plaintiff (or any members of the putative class) have suffered any damages (actual or otherwise) or may state a claim or recover under FDUTPA.

## COUNT II
## UNJUST ENRICHMENT

70. American incorporates by reference paragraphs 1 through 60 above as if fully set forth herein.

71–75. Paragraphs 71 through 75 state legal conclusions to which no response is required from American. To the extent these allegations may be deemed to require a response, American admits only that Plaintiff purports to assert a Florida state-law claim based on the common law of unjust enrichment. American disputes Plaintiff's characterizations, denies the legal conclusions, and denies the remaining allegations in paragraphs 71 through 75 of Plaintiff's Complaint.

American specifically denies that American has been unjustly enriched or that Plaintiff (or any members of the putative class) have provided a benefit to American by paying Allianz for travel insurance. American specifically further denies that Plaintiff (or any members of the putative class) have suffered any damages (actual or otherwise) or may state a claim or recover under the Florida common law of unjust enrichment.

## PRAYER FOR RELIEF

American denies that Plaintiff is entitled to any of the forms of relief contained within paragraphs (a) through (h) of Plaintiff's Prayer for Relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim)

76. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE
### (No Standing)

77. Plaintiff's claims are barred as this Court lacks subject-matter jurisdiction because Plaintiff has not alleged and cannot allege a plausible injury caused by any activity undertaken by American. Thus, Plaintiff lacks standing and there is no case or controversy for this Court to decide.

### THIRD DEFENSE
### (Preemption)

77. Plaintiff's claims are barred as both are state-law claims preempted by the Airline Deregulation Act, which expressly preempts all claims that relate to the prices, routes, or services of an air carrier. *See* 49 U.S.C. § 41713.

78. Plaintiff's claims are also barred because the Airline Deregulation Act authorizes the Secretary of the Department of Transportation to investigate allegations that an air carrier has

engaged in unfair or deceptive practices. If the Secretary determines, after notice and an opportunity for hearing, that an air carrier is engaged in an unfair or deceptive practice, the Secretary may order the air carrier to stop the practice or method. *See* 49 U.S.C. § 41712. Thus, Plaintiff's claims are expressly preempted or are preempted under the doctrines of conflict or field preemption.

**FOURTH DEFENSE**
**(Statute of Limitations)**

79. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**FIFTH DEFENSE**
**(No Duty to Disclose)**

80. Plaintiff's claims are barred, in whole or in part, because American is under no duty to disclose to its customers the economic relationships American maintains with third parties. The gravamen of Plaintiff's complaint is that American did not disclose information about its commercial dealings with non-parties to this action. But, there is no requirement for American to do so. Absent an affirmative misrepresentation, Plaintiff cannot establish a deceptive or unfair practice. Indeed, there is nothing deceptive whatsoever about the conduct alleged.

**SIXTH DEFENSE**
**(Payment, Acceptance of Insurance Coverage, and Benefit of the Bargain)**

81. Plaintiff has failed to state a claim, in whole or in part, because Plaintiff made a voluntary and complete payment for the travel insurance product he purchased from Allianz with complete knowledge of all material facts. Further, Plaintiff had the opportunity to cancel the insurance policy he purchased from Allianz for 10 days after he decided to purchase the insurance from Allianz. *See* ECF No. 1-5. But, rather than cancel his policy, Plaintiff agreed to purchase the policy he received from Allianz for the price he agreed to pay. *See id.*

82. Because Plaintiff accepted the travel insurance sold to him by Allianz, he received the benefit of his bargain. Similarly, had he properly made a claim for a covered loss, the insurer would have been obligated to pay him for the claim pursuant to the terms of the policy. Plaintiff cannot now repudiate his insurance contract without returning the consideration he received—insurance coverage. Because the travel insurance policy Plaintiff purchased from Allianz was intended to protect against a future risk (that hindsight shows did not materialize), it is impossible for Plaintiff to return the consideration he received and the contract between Plaintiff and Allianz cannot be cancelled.

83. Under these circumstances, Plaintiff cannot take the position that he received any less than he bargained for with Allianz. Thus, his claims are barred, in whole or in part, by the doctrines of payment and equitable estoppel.

84. Similarly, to the extent Plaintiff's claims may be based on any travel insurance policy other than the policy he purchased from Allianz on or around March 20, 2016, under which policy Plaintiff actually made a claim that was paid by the insurer, Plaintiff cannot contend that he did not obtain the benefit of his bargain under any such policy. It is inequitable and unjust to allow Plaintiff to recover payment for a claim under a policy of insurance and simultaneously argue that he did not receive the benefit of such a policy.

**SEVENTH DEFENSE**
**(Laches)**

85. Plaintiff's claims for injunctive relief are barred, in whole or in part, based on the doctrine of Laches. Plaintiff has booked several flights operated by American Airlines prior to his purchase of trip insurance from Allianz on March 20, 2016. Upon information and belief, Plaintiff also has traveled on flights operated by other air carriers. Thus, upon information and belief, Plaintiff would have been aware of the opportunity to purchase travel insurance well before the

flight referenced in the Complaint. But, Plaintiff never complained to American or brought any action alleging that the display of travel insurance information was deceptive or misleading based on these prior flights. Thus, Plaintiff has failed to state a claim, and he cannot base his request for equitable relief on any alleged acts associated with these prior flights.

### EIGHTH DEFENSE
### (Waiver and Consent)

86. Plaintiff knowingly and voluntarily agreed to the AA.com Agreement, the American Airlines Conditions of Carriage for the United States, the American Airlines Refund Policy, and the American Airlines AAdvantage Program Terms and Conditions, and the other terms, conditions, and legal policies on American's website.

87. Thus, Plaintiff's claims are barred, in whole or in part, as Plaintiff has affirmatively knowingly, and voluntarily waived any claims based on or arising out of his use of American's website, www.aa.com, by using the website, booking his travel using AAdvantage award miles, and agreeing to the terms and conditions of the site and the AAdvantage program.

88. Similarly, Plaintiff (and all members of the putative class) have knowingly and voluntarily waived the right to and agreed not to institute any class action lawsuits related to his access to, dealings with, or use of the American Airlines website or mobile application against American or any of its affiliated entities, agents, directors, employees, and/or officers.

### NINTH DEFENSE
### (No Direct Benefit)

89. Plaintiff's claim for unjust enrichment is barred, in whole or in part, because American did not receive a direct benefit from the Plaintiff. Indeed, Plaintiff's Complaint specifies that he purchased an insurance policy from Allianz, for which a premium was paid directly to Allianz.

## TENTH DEFENSE
### (Actions of Others)

90. Plaintiff's claims are barred, in whole or in part, because American is not liable for the actions of others over whom it has no control, including but not limited to Allianz Global Assistance.

## ELEVENTH DEFENSE
### (Actions Permitted or Required by Law)

91. Plaintiff's claims are barred, in whole or in part, because any alleged actions taken by American were permitted or required by law. Among other things, the manner in which travel insurance information may be displayed is subject to regulation by the Department of Transportation, which has implemented standards for the display of such information. American's conduct, if any, complied with and did not violate any such laws or regulations.

## TWELFTH DEFENSE
### (Exemption)

92. Plaintiff's claims are barred, in whole or in part, because the activities complained of by Plaintiff are exempt under the Florida Unfair and Deceptive Trade Practices Act ("FDUTPA") to the extent activities relating to travel insurance are regulated by the Florida Office of Insurance Regulation.

## THIRTEENTH DEFENSE
### (Satisfaction)

93. Plaintiff's claims are barred, in whole or in part, because American performed all duties owed Plaintiff pursuant to the contract between Plaintiff and American.

## FOURTEENTH DEFENSE
### (No Damages)

94. If any remedy is appropriate, Plaintiff is not entitled to any damages because: (1) Plaintiff has not suffered any actual damages or economic harm as a result of the matters alleged

in the Complaint; (2) American has not caused any actual damages or economic harm to Plaintiff; and/or (3) Plaintiff's claims for damages are too uncertain, contingent, and speculative.

95. Further, Plaintiff's claims are barred, in whole or in part, because Plaintiff paid at or below the fair market price for the insurance product he purchased from Allianz and thus has no claim for any measurable damages attributable to American's conduct.

## FIFTEENTH DEFENSE
### (No Equitable Relief)

96. If any remedy is appropriate, Plaintiff is not entitled to any injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, the balance of hardships and public interest weigh against the grant of an injunction, and Plaintiff has an adequate remedy at law.

97. Similarly, Plaintiff's equitable claim for unjust enrichment is barred, in whole or in part, because Plaintiff has an adequate remedy at law.

## SIXTEENTH DEFENSE
### (Extraterritorial Application of State Law)

98. Plaintiff claims pursuant to the FDUTPA are barred, in whole or in part, to the extent Plaintiff seeks the impermissible extraterritorial application of FDUTPA. Florida may not enact or enforce laws beyond its territorial limits. Thus, any claims by putative class members that are not Florida residents based on alleged acts by American outside the state of Florida cannot constitute a violation of FDUTPA.

99. Nor can Plaintiff—who alleges he is a Florida resident and citizen—bring claims under the state laws of another state if such state has no relation to his transaction with American.

100. Non-Florida class members similarly cannot bring claims based on Florida's state law for acts that allegedly occurred in other states because this Court would not have personal jurisdiction to hear or decide such claims.

## SEVENTEENTH DEFENSE
### (Class Treatment Is Improper)

101. The putative nationwide class cannot be certified pursuant to Federal Rules of Civil Procedure because the class and/or class representative fails to meet the commonality, typicality, adequacy, superiority, and predominance requirements mandated by Rule 23.

102. Further, Class treatment is improper because resolution of the claims of a putative nationwide class requires the application of laws from virtually every state, as most putative class members likely purchased insurance outside of Florida for travel outside occurring outside of Florida.

103. Additionally, Class treatment is improper because there will be substantial difficulties in managing the asserted claims, rendering class action an inferior vehicle for fairly and efficiently adjudicating the controversy at issue.

## EIGHTEENTH DEFENSE
### (First Amendment)

104. Plaintiff's claims are barred, in whole or in part, as American's activities are protected by the Free Speech Clause of the First Amendment to the Constitution of the United States of America.

## NINETEENTH DEFENSE
### (Failure to Join an Indispensable Party)

105. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to join an indispensable party.

## TWENTIETH DEFENSE
### (Improper Venue)

106. Plaintiff's claims are barred, in whole or in part, because Plaintiff has agreed that the proper venue for any lawsuit arising from Plaintiff's access to, dealings with, or use of the

American Airlines website or mobile application must be brought in the state or federal courts of Tarrant County, Texas, and that Texas law will govern his claims.

### TWENTY-FIRST DEFENSE
### (Failure to Mitigate Damages)

107. Plaintiff's claims are barred, in whole or in part, because Plaintiff has agreed that American is not liable for any damages arising from or related to his use of the American Airlines website or mobile application.

108. Further, Plaintiff has failed to take reasonable steps to mitigate his own alleged damages, if any. For example, if Plaintiff had the opportunity to cancel his insurance policy from Allianz for 10 days after he purchased it. *See* ECF No. 1-5. In such a case, he could have obtained a complete refund of the premiums he paid to Allianz and avoid all damages he purports to have suffered.

American reserves the right to amend its Answer or to assert additional defenses as may be appropriate. Furthermore, American will have individualized defenses applicable to each individual putative class member based on the specific travel policy purchased and state laws applicable to each claim. By asserting its defenses, American is not assuming the burden of production or proof on any issue in which the Plaintiff has the burden of such production or proof.

### CONCLUSION

WHEREFORE, American prays as follows:

1. That Plaintiff take nothing and his action be dismissed with prejudice;

2. That judgment be entered in favor of American and against Plaintiff with respect to all causes of action in the Complaint;

3. That this honorable Court award American its attorneys' fees and all costs reasonably incurred in the defense of this lawsuit; and

4. That this honorable Court award American such other relief as it deems just and proper.

## JURY TRIAL DEMAND

American demands a trial by jury for all issues so triable.

Dated: December 8, 2017

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305.358.5171
Facsimile: 305.358.7470

By: /s/ Humberto H. Ocariz
Humberto H. Ocariz
hocariz@shb.com
Florida Bar No.: 740860
Michael A. Holt
mholt@shb.com
Florida Bar No.: 91156

*Attorneys for American Airlines, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of December, 2017, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all counsel or parties of record on the attached Service List by the method indicated.

By: /s/ Humberto H. Ocariz
HUMBERTO H. OCARIZ

## SERVICE LIST

Scott B. Cosgrove, Esq.
scosgrove@leoncosgrove.com
Alec H. Schultz, Esq.
aschultz@leoncosgrove.com
Jeremy Kahn, Esq.
jkahn@leoncosgrove.com
John R. Byrne, Esq.
jbyrne@leoncosgrove.com
LEON COSGROVE LLC
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33134
Telephone: 305.740.1975
Facsimile: 305.437.8158

(Service via Email)

*Counsel for Plaintiff*

Humberto H. Ocariz, Esq.
hocariz@shb.com
Michael A. Holt, Esq.
mholt@shb.com
**SHOOK, HARDY & BACON L.L.P.**
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305.358.5171
Facsimile: 305.358.7470

(Service via Email)

*Counsel for American Airlines, Inc.*