UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 16-23901-CIV-MARTINEZ-GOODMAN

KRISTIAN ZAMBER, on behalf of himself
and all others similarly situated,

Plaintiffs,

v. **CLASS ACTION**

AMERICAN AIRLINES, INC.,

Defendant.
______________________________________/

## PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

Plaintiff Kristian Zamber respectfully moves the Court to enforce the Settlement Agreement that he entered into with Defendant American Airlines, Inc., ("American") for the class-wide resolution of this litigation.

## PRELIMINARY STATEMENT

The law does not allow American to agree with Plaintiff on all material terms of a class-wide settlement, advise the Court of the settlement, and then seek to avoid the settlement at the eleventh hour. Unfortunately, that is the path American has chosen in this litigation, asking this Court to reopen a case and waste judicial resources litigating a matter it has already agreed to settle. Under binding Eleventh Circuit precedent, this Court must enforce the terms of the agreement between Plaintiff and American.

[redacted]

[redacted]

[redacted]

[redacted]

2

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR. | SUITE 800 | CORAL GABLES, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

[redacted]

American resolved this case, and it knows it. Eleventh Circuit precedent does not allow American to change its mind at the eleventh hour, after it has already stipulated to this Court that a settlement has been reached. The Court should proceed to enforce the terms of the parties agreement.

**FACTUAL BACKGROUND**

After a year of heavy litigation where both sides ably represented their clients' interests, the parties agreed to resolve this case on September 14, 2018. In a joint notice to this Court, the

parties stipulated that a financial settlement had been reached. D.E. #211. Upon the parties' stipulation and joint motion, this Court denied all pending motions as moot and administratively closed the case, providing the parties with thirty days to submit the settlement for Court approval. D.E. #212.

[redacted]

5

[REDACTED]

[REDACTED]

[REDACTED] Plaintiff moved for a two-week extension of this Court's settlement submission deadline (D.E. #215), which this Court then ordered. D.E. #216. [REDACTED] This motion followed.

**LEGAL ARGUMENT**

The law in the Eleventh Circuit is clear and unequivocal in holding that a court may enforce the terms of a settlement agreement when the parties have agreed upon all material terms, even when those agreements are oral as opposed to written. "A district court has jurisdiction to enforce settlement agreements when one party refuses to abide by the agreement.... This enforcement authority extends not only to written settlement agreements, but to oral agreements as well." *Brewster v. MSC Crociere, S.A.*, No. 14-60991-CIV, 2015 WL 13389793, at *3 (S.D. Fla. June

11, 2015) (enforcing settlement agreement). *See also Welch v. N. Am. Tank Line, Inc*., No. 8:06CIV2340 T 17 MAP, 2008 WL 3982394, at *2 (M.D. Fla. Aug. 25, 2008) ("A court is empowered to enforce oral settlement agreements.") (citing *Murchison v. Grand Cypress Hotel Corp*., 13 F.3d 1483, 1485-86 (11th Cir.1994)).

A written settlement agreement is irrelevant when the parties have agreed on material terms. *Reed By & Through Reed v. United States*, 717 F. Supp. 1511, 1517 (S.D. Fla. 1988), aff'd, 891 F.2d 878 (11th Cir. 1990) ("the physical act of signing a document is a mere formality where the parties clearly intend to be bound.") (enforcing settlement agreement). *See also Lifecare Int'l, Inc. v. CD Med., Inc*., 68 F.3d 429, 436 (11th Cir. 1995), opinion modified and supplemented, 85 F.3d 519 (11th Cir. 1996) ("the parties intent, of course, is what ultimately controls. Simply because the parties contemplated the drafting of a subsequent formal, written contract, does not denote that they did not intend to be bound immediately by their oral or written negotiations.").

Moreover, in *Murchison*, the Eleventh Circuit noted that "[w]e favor and encourage settlements in order to conserve judicial resources." 13 F.3d at 1486. Florida's state courts have the same view. *Spiegel v. H. Allen Homes, Inc*., 834 So. 2d 295, 297 (Fla. 4th DCA 2003) ("Settlement agreements are favored as a means to conserve judicial resources. Courts will enforce them when it is possible to do so.").

## I. The Parties Agreed To All Material Terms Of The Settlement

The existence of a settlement in this case is undisputed, as American stipulated to its existence. *See* D.E. #211. Therefore, the only question for enforcement purposes is whether the parties orally agreed on all material terms of the settlement. "The issue in our case focuses on what the material terms of the parties' settlement are. In considering this question, we follow the principle that parties' settlement agreements are contracts and, as such, should be enforced

pursuant to general contract law." *Malvaes v. Constellation Brands, Inc.*, No. 14-21302-CIV, 2016 WL 4007332, at *3 (S.D. Fla. June 23, 2016) (enforcing oral settlement agreement).

The facts before the Court demonstrate that the parties did agree to all material terms of the settlement, and that American's counsel had full authority to agree to the settlement. The law does not require more for enforcement.

> The determination as to whether a binding settlement agreement was reached by the parties is governed by Florida contract law principles. The party seeking to compel enforcement of a settlement agreement must ordinarily demonstrate two things—(1) first, that [the opposing party's] attorney had clear and unequivocal authority to enter into the settlement agreement, and (2) second, that the opposing party assented to all the essential terms of the agreement

*Omni Healthcare Inc. v. Health First, Inc.*, No. 613CV1509ORL37DCI, 2017 WL 347533, at *2 (M.D. Fla. Jan. 24, 2017) (citations omitted) (enforcing settlement agreement).

First, there is no dispute at all that American's counsel had full authority to enter into the settlement agreement. American's counsel at two national law firms, Latham & Watkins LLP and Shook, Hardy & Bacon LLP, [redacted] They made this authority clear to the Court when they filed a joint notice stipulating to the Court that the parties had reached the financial terms of a settlement. D.E. #211. Therefore, the first element—authority to settle—is undisputed in favor of enforcing the agreement.

Second, the evidence establishes—by greater than the applicable preponderance of the evidence standard—that American agreed to all essential and material terms of the settlement. To start, American stipulated to the Court that an agreement existed on the financial terms of the settlement. D.E. #211. [redacted]

[redacted]

[redacted]

[redacted]

Courts routinely enforce oral settlement agreements in cases with far less compelling facts than those present here. In *Riley v. Saltzman, Tanis, Pittell, Levin & Jacobson, Inc.*, the court held that "execution of a written settlement agreement is not a condition precedent to its enforceability but rather a procedural formality…courts look to traditional notions of offer and acceptance and basic contract law to determine whether an enforceable contract exists." No. 10-62305-CIV, 2011 WL 13193262, at *4 (S.D. Fla. Dec. 15, 2011).

In that case, as here, [redacted] The *Riley* court noted that plaintiff in that case was not permitted to back out of the oral agreement she had reached solely because she had an apparent change of heart. "The fact that Riley may now have misgivings about the settlement agreement she accepted and might now be weighing other options after speaking with other attorneys does not negate that a valid enforceable settlement agreement was reached on the terms set forth in the unexecuted agreement." *Riley*, 2011 WL 13193262, at *4.

In the case of *Welch v. N. Am. Tank Line, Inc.*, the court enforced an unexecuted settlement agreement based solely on two emails between counsel for plaintiff and defendant. These emails contained nothing more than a barebones financial demand, with a subsequent acceptance email. There was no discussion of releases or any other terms of the purported settlement. Despite the existence of only the financial terms, the court enforced the settlement, holding '[t]hat e-mail conveyed the essential terms of the agreement-acceptance of the Plaintiff's $45,000 offer in exchange for resolution of the case. If the Plaintiff did express concerns about the allocation or tax consequences of the settlement proceeds, she only did this after the parties reached a meeting of the minds on the essential terms of the settlement." *Welch v. N. Am. Tank Line, Inc.*, No. 8:06CIV2340 T 17 MAP, 2008 WL 3982394, at *3 (M.D. Fla. Aug. 25, 2008). [redacted]

In *Malvaes*, the court enforced a settlement that the parties had reached through oral and email communications. As in this case, the parties announced their settlement to the court.

*Malvaes*, 2016 WL 4007332, at *1 ("Based upon this verbal and emailed agreement, the parties announced in open court that a high/low settlement had been reached."). Finding that the parties' oral agreement on the financial terms of the settlement, including releases, expressed an intent to be bound, the court held that enforcement of the agreement the parties announced to the court was appropriate. *See id*. ("Based upon our review of the record on this motion, we conclude that specific performance is appropriate to enforce the material terms agreed upon before the parties announced, in open court, that a settlement had been reached on November 6, 2016.").

In the case of *Brewster v. MSC Crociere, S.A.*, the court enforced a settlement agreement based on nothing more than a pair of emails between counsel setting forth the amount of an offer with a subsequent acceptance. No. 14-60991-CIV, 2015 WL 13389793, at *3-4 (S.D. Fla. June 11, 2015). Tellingly, and unlike in this case, the court in *Brewster* enforced the settlement ***despite a disagreement about the existence of a release.*** Plaintiff disputed agreeing to a release, and the court found she had in fact agreed to release claims. *See id*. at *4 ("implicit in the parties' agreement to settle this matter for $5,000 was a release by Plaintiff of all claims against Defendant relating to the injury she sustained on March 13, 2013, while disembarking the tender.").

Rejecting an argument that American will no doubt raise here—namely that enforcement is inappropriate when there is uncertainty in the purported agreement—the court in *Brewster* cited to controlling Florida law stating that uncertainty is not a bar to enforcement. "[T]he Florida Supreme Court has observed that [a]ll agreements have some degree of indefiniteness and some degree of uncertainty. The law, however, does not favor, but leans against the destruction of contracts because of uncertainty; and it will, if feasible, so construe agreements as to carry into effect the reasonable intentions of the parties if that can be ascertained." *Id.* (citing *Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp*., 302 So.2d 404, 409 (Fla. 1974)) (citations

and internal quotations omitted). Thus, if a court can enforce an agreement when there is a dispute over a purported release, the basis for enforcement in this case—[redacted]—is compelling.

Another opinion enforcing an oral settlement agreement in a case where not all settlement terms had been agreed to by the parties is *Conte v. Winn Dixie Stores, Inc*. There, the plaintiff refused to sign a settlement which his counsel had negotiated with the defendant. The court found the material terms were sufficiently definite to enforce the agreement: "a valid, enforceable settlement agreement exists between Conte and Winn–Dixie, with the following essential terms: Winn–Dixie will pay $3,000.00, less applicable withholding taxes, in exchange for Conte's voluntary resignation, dismissal of this lawsuit, execution of a full waiver and release, and agreement to other common settlement terms and conditions (for example, confidentiality and no-rehire provisions)." No. 3:13CV463/MCR/EMT, 2014 WL 4693072, at *6 (N.D. Fla. Sept. 22, 2014). Therefore, the court had no hesitation in enforcing an agreement when "common settlement terms and conditions" were not even written down or presented to the plaintiff.

These opinions are not outliers, rather they are part of an overwhelming body of case law, in both Florida federal and state courts, that enforce oral settlement agreements where, as here, there is agreement on the material terms. *See United States v. Pepper's Steel & Alloys, Inc*., 289 F.3d 741, 742 (11th Cir.2002) (referring to a prior case on appeal where the court found that the insurer's oral offer to settle for $2 million, accepted two years later, formed a valid settlement agreement); *Long Term Mgmt., Inc. v. Univ. Nursing Care Ctr., Inc*., 704 So.2d 669, 673 (Fla. 1st DCA 1997) (holding that a verbal settlement agreement is enforceable); *Bankers Sec. Ins. Co. v. Brady*, 765 So.2d 870, 872–73 (Fla. 5th DCA 2000) (holding that an oral settlement agreement between the parties' representatives with settlement authority was binding); *Boyko v. Ilardi*, 613

So.2d 103, 104 (Fla. 3d DCA 1993) (holding that "execution of settlement documents was not a condition precedent to the oral settlement agreement, but rather a procedural formality which both parties to the settlement agreement were obliged to perform"); *see also Dania Jai–Alai Palace, Inc. v. Sykes*, 495 So.2d 859, 862 (Fla. 4th DCA 1986) (pointing out that "Florida law does not require that a settlement agreement be in writing.").

Based upon the evidence in the record, there is no dispute that 1) American's counsel had full authority to negotiate the settlement terms on behalf of American; and 2) American agreed to all the material terms of the settlement. As the Court is well aware, American already confirmed to this Court (*see* D.E. #211) that it had agreed to the financial terms of the settlement. See Exs. 3 and 4.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR. | SUITE 800 | CORAL GABLES, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

[redacted]

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR. | SUITE 800 | CORAL GABLES, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

[Page content redacted]

LEÓN COSGROVE, LLP

255 ALHAMBRA CIR. | SUITE 800 | CORAL GABLES, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

[redacted]

[redacted]

## CONCLUSION

American settled this case and with Plaintiff jointly advised the Court of that settlement. D.E. #211. Defendant must now abide by the material terms of the agreement to which it agreed. Plaintiff respectfully requests that the Court enter an order enforcing the following material terms of the parties' settlement: [redacted] Plaintiff and his counsel are available for a hearing on these issues at the Court's discretion.

**Local Rule Certification**

Pursuant to Local Rule 7.1, the undersigned certifies that American is opposed to this motion.

Dated: October 31, 2018

Respectfully submitted,

*/s/ Alec H. Schultz*
Scott B. Cosgrove
Fla. Bar No. 161365
Alec H. Schultz
Fla. Bar No. 35022
John R. Byrne
Fla. Bar No. 126294
Jeremy L. Kahn
Fla. Bar No. 105277
LEÓN COSGROVE, LLP
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33134
Tel: 305.740.1975
Email: scosgrove@leoncosgrove.com
Email: aschultz@leoncosgrove.com
Email: jbyrne@leoncosgrove.com
Email: jkahn@leoncosgrove.com

*Counsel for Zamber and the Class*

**CERTIFICATE OF SERVICE**

I certify that on October 31, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which in turn will serve a copy by Notice of Electronic Mail to all counsel of record.

Humberto H. Ocariz, Esq.
SHOOK, HARDY & BACON L.L.P.
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 358-5171
Fax: (305) 358-7470
Email: hocariz@shb.com
Email: mholt@shb.com
*Counsel for Defendant American Airlines, Inc.*

James E. Brandt, Esq.
Elizabeth (Betsy) Marks, Esq.
LATHAM & WATKINS, LLP
885 Third Avenue
New York, New York 10022-4834
Tel: (212) 906-1200
Fax: (212) 751-4864
Email: james.brandt@lw.com
Email: betsy.marks@lw.com
*Counsel for Defendant American Airlines, Inc.*

*/s/ Alec H. Schultz*
Alec H. Schultz